**NOT FOR PUBLICATION**

                    UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| Jay Bonanza Briley, | |
|     Petitioner, | Civil Action No. 16-4274(RMB) |
|     v. | **OPINION** |
| Loretta Lynch, *et al.*, | |
|     Respondents. | |

**BUMB**, District Judge

    This matter comes before the Court upon Petitioner's submission of a petition for a writ of habeas corpus (Pet., ECF No. 1), challenging his conviction and sentence in the United States District Court, Eastern District of Virginia. See Judgment, United States v. Briley, 12cr482-LO (E.D. Va. Oct. 22, 2013).[1] Petitioner is presently confined in the Federal Correctional Institution in Fort Dix, New Jersey, and he seeks release from imprisonment. (Pet.) He submitted an application to proceed in forma pauperis (ECF No. 1-3), establishing his financial ineligibility to pay the filing fee. The Court will grant the IFP application.

---

[1] Available on Public Access to Court Electronic Records ("PACER") at www.pacer.gov.

II.  DISCUSSION

The Court must review the petition and dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to cases filed under 28 U.S.C. § 2241 pursuant to Rule 1 of the Rules Governing Section 2254 Cases in the United States District Courts.

A.   The Instant Petition

In the Petition at bar, Petitioner asserts that he was convicted by fraud on the court by the arresting officers who testified that he made body contact with them during his arrest on January 12, 2012. (Pet.) Petitioner contends the court lacked subject matter jurisdiction to convict him under 18 U.S.C. § 111.[2]

---

[2] 18 U.S.C. § 111 provides, in relevant part:

>   Assaulting, resisting, or impeding certain
>   officers or employees
>
>   (a) In general.--Whoever--
>
>      (1) forcibly assaults, resists,
>      opposes, impedes, intimidates, or
>      interferes with any person designated
>      in section 1114 of this title while

Petitioner's claim is based on his theory that his arresting officers had chronic illnesses that were the true cause of their bodily injuries, rather than his alleged assault on them.

    B.    <u>Procedural History</u>

Petitioner is a federal inmate confined at the Federal Correctional Institution in Fort Dix, New Jersey. He was convicted by a jury, in the U.S. District Court for the Eastern District of Virginia, of two felony and one misdemeanor counts under 18 U.S.C. § 111 for Assaulting, Obstructing and Impeding a Federal Officer; and one misdemeanor under 36 C.F.R. § 2.34(a)(2) for Disorderly Conduct-Obscene Act. Judgment, <u>U.S. v. Briley</u>, 12cr482 (E.D. Va. Oct. 22, 2013); (Amended Judgment, Oct. 30, 2013). Petitioner was sentenced to a 78-month term of

---

        engaged in or on account of the
        performance of official duties; or

        (2) forcibly assaults or intimidates
        any person who formerly served as a
        person designated in section 1114 on
        account of the performance of official
        duties during such person's term of
        service,

shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

imprisonment with a three-year term of supervised release. Id., Sentence, (E.D. Va. Oct. 22, 2013).

Petitioner filed a direct appeal, which was denied by the Fourth Circuit Court of Appeals. Id., (Notice of Appeal Oct. 29, 2013); U.S v. Briley, 770 F.3d 267 (4th Cir. Oct. 22, 2014). Petitioner then filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, and a motion for a new trial under Federal Rule of Civil Procedure 33. See U.S v. Briley, 631 F. App'x 156 (Jan. 20, 2016). According to the instant petition, Petitioner's motion for a new trial was based on the same alleged exculpatory evidence relating to Officer Bracanto that he offers here. (Pet., ¶12.) The District Court for the Eastern District of Virginia denied both motions, and the Fourth Circuit denied Petitioner's appeal. U.S v. Briley, 631 F. App'x 156 (Jan. 20, 2016).

On May 9, 2016, Petitioner filed a motion for relief under Federal Rule of Civil Procedure 60(b), alleging essentially the same claim he alleges here regarding Officer Usher. U.S. v. Briley, 12cr482 (E.D. Va. May 9, 2016); (see Pet., ¶14.) The District Court for the Eastern District of Virginia denied the motion, finding that it was a successive 2255 motion. Order, U.S. v. Briley, 12cr482 (E.D. Va. May 26, 2013). The Fourth Circuit denied Petitioner's subsequent request to bring a

4

successive 2255 motion. USCA Order, U.S. v. Briley, 12cr482 (4th Cir. July 19, 2016).

### C. Analysis

Petitioner did not assert the basis for this Court's jurisdiction over his petition, but the Court construes the petition as asserting jurisdiction under 28 U.S.C. § 2241, based on the savings clause of 28 U.S.C. § 2255(e). A federal prisoner may challenge the legality of his conviction or sentence, once the conviction is final, through the presumptive means of a motion filed pursuant to 28 U.S.C. § 2255 in the sentencing court. Okereke v. U.S., 307 F.3d 117, 120 (3d Cir. 2002). 28 U.S.C. § 2255(e), however, contains a savings clause, applicable when a § 2255 motion is inadequate or ineffective to test the legality of a petitioner's conviction or sentence. 28 U.S.C. § 2255(e); Massey v. U.S., 581 F.3d 172, 174, n.1 (3d Cir. 2009)(appropriate use of the § 2255 savings clause is rare).

The fact that a petitioner unsuccessfully pursued a § 2255 motion in the sentencing court, and now faces a statutory bar to filing another one, does not show the inadequacy of the remedy provided under § 2255. McCullough v. U.S., 501 F. App'x 115, 117 (3d Cir. Oct. 17, 2012)(per curiam). The § 2255(e) savings clause is extremely narrow, available under circumstances where

a petitioner had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. Id. (citing Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

Challenges to a conviction based on newly discovered evidence, and brought after a petitioner's first 2255 motion has been denied, should be presented to the appropriate Circuit Court of Appeals with a request to bring a second or successive motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 in the sentencing court. 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h)(1). This Court lacks jurisdiction over the instant petition under 28 U.S.C. § 2241.

Where a civil action is filed in a court that lacks jurisdiction, the court shall, if it is in the interests of justice, transfer the action to any such court where the action could have been brought at the time it was filed. 28 U.S.C. § 1631.

28 U.S.C. § 2255(h)(1) provides:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable

6

>factfinder would have found the movant guilty of the offense; or

The Fourth Circuit denied Petitioner's motion to file a successive 2255 petition based on the alleged exculpatory evidence presented here regarding Officer Usher, and it denied his motion for a new trial based on the alleged exculpatory evidence relating to Officer Bracanto. Petitioner cannot evade the Fourth Circuit's ruling by filing his motion in another jurisdiction under 28 U.S.C. § 2241. Therefore, it is not in the interests of justice to transfer this matter to the Fourth Circuit under 28 U.S.C § 1631.

IV. CONCLUSION

In the accompanying Opinion filed herewith, the Court will grant Petitioner's IFP application and dismiss the petition for lack of jurisdiction.

>s/Renée Marie Bumb
>**RENÉE MARIE BUMB**
>**United States District Judge**

Dated: August 1, 2016